NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3138

WILLIE R. WESLEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Willie R. Wesley, of Memphis, Tennessee, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3138

WILLIE R. WESLEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070416-I-1.

_____

DECIDED:   June 5, 2008

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u> and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Willie Wesley appeals the decision of the Merit Systems Protection Board, which upheld his removal from federal service for failing to properly file his income tax returns and to timely pay his income tax liability for several years. <u>Wesley v. Dept. of the Treasury</u>, No. AT-0752-07-0416-I-1 (M.S.P.B. June 14, 2007). We <u>affirm</u>.

Wesley was an information technology specialist with the Internal Revenue Service (IRS) in Memphis, Tennessee. When it was discovered that he had failed to properly file income tax returns in 2001, 2002, 2003, and 2004 as well as failing to

timely pay his tax liability in 2001, 2002, and 2003, the IRS removed him from employment, claiming that his conduct violated "Section 1203(b)(9) of the Restructuring and Reform Act of 1998" (RRA) and/or "other laws rules or regulations including Section 2635.809 of the Office of Government Ethics (OGE) Standards of Conduct." The board affirmed, finding that the agency proved by a preponderance of the evidence that Wesley had violated section 1203(b)(9) of the RRA, and therefore removal was mandatory.

The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The record contains substantial evidence to support the board's finding. It reached its decision based on the testimony of the tax specialist that conducted Wesley's tax audits for the tax years at issue in this case. It found that in each year, Wesley and his wife claimed business losses of over $30,000, and received extremely large tax refunds that a reasonable person would have investigated. Further, the board found that he consented to the accuracy of the audits and agreed they were liable for increased taxes plus penalties and interest. The board therefore found that Wesley's violation of the IRS code was willful.

The board found that section 1203(b)(9) involves "willful understatement of Federal tax liability, unless such understatement is due to reasonable cause and not to willful neglect." It also found that Wesley was aware of section 1203 and its importance.

Applying the facts to this legal standard, which Wesley does not challenge, the board reasonably determined that Wesley had violated section 1203(b)(9).